1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney

2

3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division

4  JEFFREY A. BACKHUS (CABN 200177)
   Assistant United States Attorney

5

6        150 Almaden Boulevard, Suite 900
         San Jose, California 95113

7        Telephone: (408) 535-5061
         FAX: (408) 535-5066

8        Jeffrey.Backhus@usdoj.gov

9  Attorneys for United States of America

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13  UNITED STATES OF AMERICA,              )  No. 16-CR-00363-LHK
                                           )
14          Plaintiff,                     )  **UNITED STATES' SENTENCING**
                                           )  **MEMORANDUM**
15      v.                                 )
                                           )  Date: January 11, 2017
16  JOSE LEMUS,                            )  Time: 9:45 a.m.
                                           )  Court: Hon. Lucy H. Koh
17          Defendant.                     )
    _____)

18

19      The government respectfully requests that the Court sentence defendant Jose Lemus to a low-end

20  Guidelines term of 63 months of imprisonment.  The government also recommends a term of supervised

21  release of 5 years, with all the conditions recommended by the United States Probation Office, and a

22  $100 special assessment.  The government does not recommend imposing a fine.  For the reasons

23  outlined below, this sentence is sufficient, but not greater than necessary, to meet the goals of sentencing

24  given the specific facts and circumstances of this case.

25  **I.     BACKGROUND**

26      On August 22, 2011, defendant Jose Lemus and another man ("Robber #2") robbed the

27  RaboBank branch ("the bank"), located at 10601 Merritt Street, Castroville, California.  Lemus and

28  Robber #2 parked their getaway car at an apartment complex near the bank and then used a nearby brick

wall for cover to walk up the bank's main entrance.  Lemus and Robber #2 and both wore masks and all black clothing as they entered the bank.  Although Lemus did not have a firearm during the robbery, Lemus knew that Robber 2 was carrying a loaded semi-automatic handgun.

When Lemus and Robber #2 entered the bank, Robber #2 remained in the lobby and pointed the handgun at the customers and employees.  According to one of the bank customers, Robber #2 then yelled, "Don't anybody move, stay where you are at!"  PSR ¶ 8.  At this time, Lemus jumped over the partition door that separated the lobby area from the tellers.  Lemus then went from teller station to teller station gathering money and placing it into a backpack that he was carrying.  One bank teller later reported that Lemus pushed her aside and he took money from the drawers.  PSR ¶ 12.

When Lemus finished robbing the victim tellers, Lemus and Robber #2 and fled the bank, stealing approximately $44,332.01 of the bank's money.  At the time of the robbery, the deposits of the bank were insured by the Federal Deposit Insurance Corporation.  Finally, even if Lemus did not personally possess a firearm during this robbery, his crimes, threats and the brandishing of the firearm by Robber #2 created extremely dangerous situations that could have resulted in serious injury or death.

On August 3, 2016, Lemus, who was serving a state prison sentence for a separate take-over bank robbery, was transferred to the U.S. Marshals Service ("USMS"), but was later returned to California Department of Corrections ("CDCR") custody.  PSR ¶ 4.  On August 3, 2016, Lemus was booked at the Santa Clara County Jail, pending federal charges.  PSR ¶ 4.  On August 18, 2016, a one-count information was filed in the Northern District of California, charging Lemus with Armed Bank Robbery, Aiding and Abetting, in violation of Title 18, United States Code, Sections 2213 (a), (d), and 2.  PSR ¶ 1.  Lemus made his initial appearance on these charges on August 31, 2016, and was remanded to the custody of the USMS.  PSR ¶ 4.  On September 21, 2016, Lemus pled guilty to the sole count of the information.  PSR ¶ 2.  Sentencing is scheduled for January 11, 2017.

## II.   LEGAL STANDARD

Federal Sentencing Guidelines are the "starting point and the initial benchmark" for all sentencing proceedings.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)).  They are, however, only "one factor among the [18 U.S.C.] § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence."  *Id.* (citing

1  *Kimbrough*, 552 U.S. at 100).  In considering these factors, the ultimate goal is to impose a sentence that

2  is "sufficient, but not greater than necessary" to meet the following purposes: "to reflect the seriousness

3  of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence;

4  to protect the public; and to provide the defendant with needed educational or vocational training,

5  medical care, or other correctional treatment."  *Id.* (quoting 18 U.S.C. § 3553(a) and (a)(2)).

6  **III.    DISCUSSION**

7  **a.  The Defendant's Offense Level is 25.**

8  The plea agreement and the U.S. Probation Officer correctly conclude that the defendant's

9  offense level is 25.  PSR ¶ 33.

10  Base Offense Level, U.S.S.G. § 2B3.1(a):                              20

11  Specific offense characteristics,

12  U.S.S.G. § 2B3.1(b)(1) – property of a financial institution taken:   +2

13  U.S.S.G. § 2B3.1(b)(2)(C) – firearm brandished/possessed:             +5

14  U.S.S.G. § 2B3.1(b)(7)(B) – loss more than $20,000:                   +1

15  Acceptance of Responsibility:                                         -3

16  Adjusted Offense Level:                                               25

17  The above Guideline offense level calculation is correct and consistent with the facts and the

18  law.  The defendant's offense of armed bank robbery establishes a base offense level of 20.  See

19  U.S.S.G. § 2B3.1(a).  Citibank is a financial institution, resulting in a 2-level enhancement.  See

20  U.S.S.G. § 2B3.1(b)(1).  In addition, Robber #2 brandished a firearm during the commission of the

21  robbery, justifying a 5-level enhancement for brandishing/possessing a firearm.  See U.S.S.G. §

22  2B3.1(b)(7)(B).  Finally, the defendant accepted responsibility and timely notified the government of his

23  intention to plead guilty, and the government now moves for the full 3-level reduction in the defendant's

24  offense level.  See U.S.S.G. § 3E1.1(a), (b).  Accordingly, the Guidelines calculation in the PSR is

25  correct, and the defendant has an Adjusted Offense Level of 25.

26  **b.  A 63-Month Sentence is the Reasonable and Appropriate Sentence in this Case.**

27  The government respectfully requests that the Court impose a low-end Guidelines sentence of 63

28  months of imprisonment.  This sentence is supported by the § 3553(a) factors; in particular, the history

1  and characteristics of the defendant, promoting respect for the law, the seriousness of the offense,

2  deterring future criminal conduct, and protecting the public.

3      A 63-month term of imprisonment is an appropriate and just sentence in this case.  This sentence

4  properly accounts for the characteristics of the defendant and his serious criminal history.  *See* 18 U.S.C.

5  § 3553(a)(1).  The instant offense represents the first of two bank robberies Lemus committed in a span

6  of less than six months.  Both bank robberies were violent take over armed robberies.  During each of

7  the robberies, the victim tellers were visibly frightened, cowering behind their teller stations in fear that

8  they might be shot.  These robberies left an indelible mark on the victim tellers and employees, and

9  understandably so.

10      The second robbery occurred on February 14, 2012, at a Wells Fargo Bank in San Jose,

11  California.  During that robbery, Lemus and two co-defendants entered the bank with their faces covered

12  and holding guns.  Then, two of the robbers jumped over the counter and one remained in the lobby.

13  The two robbers who jumped over the counter asked the tellers where all of the large bills were located

14  and demanded that the tellers unlock their drawers and hand over the money.  The tellers opened their

15  cash drawers, grabbed the bills, and threw them into a backpack the robbers provided.  The robbers then

16  fled the bank, stealing approximately $11,930.99 of the bank's money.  Lemus and his co-defendants

17  were later arrested during a traffic stop.  Lemus later pled guilty to robbery and false imprisonment and

18  received a sentence of 6 years and 4 months of prison.  PSR ¶ 36.

19      Lemus is also an admitted member of the of the Norteño street gang called East Las Casitas

20  ("ELC") in Salinas.  Lemus even has a tattoo that reads "East Las Casitas" on the back of his right hand.

21  PSR ¶ 36.  As the Court is aware, the Norteño street gang is an extremely violent gang that sometimes

22  engages in narcotics trafficking, robberies and other types of violent acts.  Lemus' involvement with the

23  Norteño street gang is certainly an aggravating factor for his sentence.

24      The recommended sentence also serves the need for adequate deterrence, protection of the

25  community from further crimes of the defendant, and just punishment for the offense.  *See* 18 U.S.C.

26  § 3553(a)(2)(A),(B),(C).  As explained above, this is the second of two serious felony convictions

27  amassed by the defendant.  The defendant's recidivism, the severity of his criminal conduct, and the fact

28  that both convictions involved violent take over robberies with firearms warrant a significant sentence.

1   Finally, a 63-month sentence will avoid unwarranted sentencing disparities for similarly situated

2   defendants.  *See* 18 U.S.C.§ 3553(a)(6).

3        Notwithstanding the foregoing, Lemus did accept responsibility early in the proceedings.  Lemus

4   agreed to waive indictment and quickly entered a guilty plea once he was transferred to federal custody.

5   By doing so, Lemus saved the government resources and this should be considered when determining an

6   appropriate sentence.

7   **IV.**  **CONCLUSION**

8        For the reasons stated above, the government respectfully requests a sentence of 63 months of

9   imprisonment, 5 years of supervised release, and a $100 special assessment.

10

11   DATED: January 4, 2017                                Respectfully submitted,

12                                                                              BRIAN J. STRETCH
                                                                                   United States Attorney

13

14                                                                                      /s/
                                                                           _____

15                                                                              JEFFREY A. BACKHUS
                                                                                   Assistant United States Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28